IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT VANDLING as S-CORP (d/b/a X-RAY CE), <br><br> Plaintiff, <br> v. <br><br> XRC, LLC (d/b/a CE4RT), <br><br> Defendant. | § § § § § § § § § § § <br><br> Case No. 3:16-cv-1399 <br><br> JURY DEMAND |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff ROBERT VANDLING (d/b/a X-RAY CE) ("X-Ray CE" or "Plaintiff") respectfully files this Original Complaint complaining of XRC, LLC (d/b/a CE4RT) ("XRC" or "Defendant"), and for causes of action shows as follows:

## NATURE OF THE ACTION

1. Plaintiff owns the mark "X-Ray CE" as evidenced by U.S. Trademark Registration No. 3,672,369 ("Plaintiff's Mark"). By this Complaint, X-Ray CE seeks injunctive relief and monetary damages against XRC based on XRC's unauthorized use of Plaintiff's Mark on its website. Simply put, Defendant's activities constitute trademark infringement. Despite multiple requests by X-Ray CE that XRC cease and desist this wrongful activity, XRC persists in this conduct. As a result, X-Ray CE has suffered, is suffering, and unless preliminary and permanent relief is entered by the Court, will continue to suffer ongoing harm due to XRC's conduct alleged herein.

## PARTIES

2. Plaintiff X-Ray CE is a corporation organized under the laws of the State of Texas

with its principal place of business located at 6 Sunset Trail, Heath, Texas 75032.

3. Upon information and belief, Defendant XRC is, and at all relevant times mentioned herein was, a limited liability company organized under the laws of the State of Nevada with a principal place of business located at 848 North Rainbow Blvd. #4152, Las Vegas, Nevada 89107.

## VENUE AND JURISDICTION

4. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1338 because the Plaintiff asserts claims for damages pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*. ("Lanham Act"). This Court has supplemental and/or pendant jurisdiction under 28 U.S.C. § 1367 and § 1368(b) because any state common law claims asserted herein are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. The Defendant has sufficient minimum contacts with the State of Texas in order to subject them to personal jurisdiction because Defendant transacts business within the State of Texas and in this District using Plaintiff's Mark, and/or knew that the injury from its unlawful conduct would be felt primarily by X-Ray CE in this judicial district. Further, Defendant maintains an interactive website that is directed at residents of the State of Texas and this District and, upon information and belief, advertises such website to customers or potential customers in this District using Plaintiff's Mark. Upon information and belief, Defendant purposefully directed its unlawful conduct to this forum and at Plaintiff, which is located in this District.

6. Upon information and belief, Texas consumers in this district interact with Defendant by utilizing its website to procure continuing education materials for the imaging profession.

7.  Upon information and belief, XRC directs its business activities to residents of Texas knowing that it will receive commercial gain from selling its services to Texas residents.

8.  Venue is proper in the Northern District of Texas pursuant to § 1391 because the claims alleged in this action arose in this judicial district; a substantial part of the activities, conduct, and/or damages occurred in Texas; and XRC has substantial contacts with this judicial district.

## FACTS AND ALLEGATIONS
### THE "X-RAY CE" MARK

9.  On January 30, 2009, a trademark application was filed for the Mark "X-RAY CE" on behalf of Plaintiff for the service of "providing continuing medical education courses." Thereafter, **U.S. Trademark Registration No. 3,672,369** for the "X-RAY CE" Mark (the "'369 Registration") was duly and legally issued to Plaintiff on August 25, 2009, after full and fair examination by the U.S. Patent and Trademark Office (see below).

```
Int. Cl.: 41
Prior U.S. Cls.: 100, 101 and 107
                                                    Reg. No. 3,672,369
United States Patent and Trademark Office        Registered Aug. 25, 2009

                         SERVICE MARK
                       PRINCIPAL REGISTER


                         X-RAY CE


VANDLING, ROBERT (TEXAS LIMITED LIABI-      OWNER OF U.S. REG. NO. 3,365,109.
   LITY COMPANY), DBA X-RAY CE
6 SUNSET TRAIL                              NO CLAIM IS MADE TO THE EXCLUSIVE
HEATH, TX 75032                                RIGHT TO USE "CE", APART FROM THE MARK
                                               AS SHOWN.
   FOR: PROVIDING CONTINUING MEDICAL
EDUCATION COURSES, IN CLASS 41 (U.S. CLS.   SEC. 2(F).
100, 101 AND 107).

   FIRST USE 1-1-2003; IN COMMERCE 1-1-2003.
                                            SER. NO. 77-660,192, FILED 1-30-2009.
   THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.                HEATHER SAPP, EXAMINING ATTORNEY
```

10.     X-Ray CE is the sole owner of the mark disclosed in the '369 Registration and has the exclusive right to use the "X-RAY CE" Mark in commerce for the services disclosed therein and those services related thereto.  The "X-RAY CE" Mark has never been assigned, sold, conveyed, or exclusively licensed to a third party.  X-Ray CE is the sole owner of all rights, title, and interests in and to the "X-RAY CE" Mark, and possesses all rights of recovery, including the right to recover for past infringement.

### X-RAY CE'S CONTINUING EDUCATION SERVICES

11.     X-Ray CE is a leading provider of high quality, affordable continuing educational programs for imaging professionals worldwide.  It has provided these services since 2001. Educational programs cover topics related to MRI, PET Scan, Ultrasound, and other traditional imaging technology such as X-ray and CT scan.  The programs help imaging professionals maintain their credentials.

12.     X-Ray CE offers its continuing education services through its website, www.xrayce.com, which is conspicuously marked with the registered "X-RAY CE" Mark (see below screenshot taken May 4, 2016).



## XRC'S WRONGFUL CONDUCT

13. XRC provides competing continuing education products and services for imaging professionals to those products and services offered by X-Ray CE. Upon information and belief, XRC operates the website www.ce4rt.com (the "Accused Website") through which it, without X-Ray CE's authorization, utilizes or references "X-RAY CE," the Plaintiff's Mark (see below screenshots taken May 4, 2016).



5



14. Upon information and belief, Defendant's use of Plaintiff's Mark in the same and/or a closely related market of service is intended to, and actually does, confuse and mislead customers seeking X-Ray CE's services with those provided by XRC.

15. Upon information and belief, Defendant did not enter the continuing education for radiologic technologists industry until 2013.

16. Upon information and belief, the Accused Website was created on December 11, 2014.

17. Upon information and belief, Defendant has been aware of Plaintiff's Mark since at least February 25, 2016 when Plaintiff sent XRC a cease and desist letter in regard to Defendant's infringing use(s) of Plaintiff's Mark.

18. In the letter, X-Ray CE demanded that, among other things, XRC immediately cease and desist from using Plaintiff's Mark or any substantially similar phrase in all marketing materials, advertisements, websites, social media, products, services, vehicles, tools, signage or

other materials.

19. Initially, Defendant acknowledged X-Ray CE's rights and complied with X-Ray CE's demand for Defendant to cease its infringing activity. Specifically, Defendant indicated, among other things, that it would discontinue using the name "CE X-Ray" in reference to its business in any way.

20. Since that time, Defendant has reneged on its promise not to infringe X-Ray CE's trademark rights. Indeed, it is clear from the above screenshots that Defendant has reverted back to using Plaintiff's Mark throughout the Accused Website and in online advertising.

21. Shortly after discovering that Defendant recommenced its wrongful conduct, X-Ray CE sent another cease and desist letter demanding that Defendant cease its infringing activity. Despite X-Ray CE's requests, the complained of activities have not ceased. Indeed, Defendant indicated that it would not comply with X-Ray CE's requests for XRC to discontinue its infringement of Plaintiff's Mark, making Defendant's infringement willful.

22. Upon information and belief, XRC continues to this day to profit off of the use of Plaintiff's Mark on the Accused Website, and continues to cause injury to X-Ray CE.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION: FEDERAL TRADEMARK INFRINGEMENT

23. Plaintiff adopts and re-alleges each paragraph above as if set forth herein.

24. Upon information and belief, Defendant owns and/or operates the Accused Website.

25. Upon information and belief, Defendant is infringing Plaintiff's "X-RAY CE" Mark under 15 U.S.C. § 1114 by performing, without authority, one or more of the following acts: duplicating a registered mark and applying it to labels, signs, prints, or advertisements intended to be used in commerce upon or in connection with the sale, distribution, or advertising

of goods, products, and/or services which is likely to cause confusion, or to cause mistake, or to deceive.

26. Upon information and belief, as of February 25, 2016, Defendant has had actual knowledge of Plaintiff's Mark, and has willfully and deliberately sought to trade off Plaintiff's goodwill in the "X-RAY CE" Mark.

27. X-Ray CE has been damaged as a result of Defendant's infringing conduct. Thus, Defendant is liable to X-Ray CE in an amount that adequately compensates X-Ray CE for Defendant's infringement, and Plaintiff is entitled to recover from Defendant all statutory and/or actual damages Plaintiff has sustained and will sustain as a result of the infringement.

28. In the event the Court should find that Defendant knew of Plaintiff's Mark, but nonetheless deliberately chose to use, or to continue to use, the mark without consulting with or obtaining any permission or license from Plaintiff, then Plaintiff submits this is an exceptional case and seeks an award of attorney's fees to Plaintiff as the prevailing party.

### SECOND CAUSE OF ACTION: LANHAM ACT VIOLATION – PALMING OFF

29. Plaintiff adopts and re-alleges each paragraph above as if set forth herein.

30. In using Plaintiff's Mark on its website and online advertising for the same or related products and passing of the same off as originating from X-Ray CE, Defendant is falsely designating the origin of its products and is providing a false or misleading description of fact or a false or misleading representation of fact which is likely to cause confusion, or to cause mistake or to deceive others as to the origin, sponsorship, or approval of the goods, services, and commercial activities. In short, Defendant is using Plaintiff's trademark, reputation, and name to sell its products.

31. The intent and result of Defendant's actions has been a palming off of XRC's

goods and services as emanating from or being endorsed by or otherwise affiliated with Plaintiff, causing confusion, mistake, and deception among the public as to the source and origin of those goods and services.

32. Defendant's conduct is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Through its palming off of Plaintiff's Mark, Defendant has sought to willfully misappropriate and trade off the immense strength and goodwill associated with Plaintiff's trademark.

34. Defendant's false designations of origin and false representations have irreparably harmed Plaintiff. Unless restrained, Defendant will cause further irreparable injury, leaving Plaintiff with no adequate remedy of law.

35. Plaintiff is entitled to injunctive relief against Defendant, restraining further false designations of origin and false representations or descriptions of fact.

36. As a result of Defendant's conduct, Plaintiff has also suffered damages in an amount as of yet determined.

### THIRD CAUSE OF ACTION: INFRINGEMENT UNDER TEXAS COMMON LAW

37. Plaintiff adopts and re-alleges each paragraph above as if set forth herein.

38. The acts of infringement committed by Defendants violate the common law of the State of Texas; therefore, Plaintiff is entitled to recover all permissible damages.

### JURY DEMAND

39. Plaintiff demands a trial by jury on all issues.

### CONCLUSION AND PRAYER FOR RELIEF

Since becoming aware of Plaintiff's Mark, and to the extent Defendant thereafter has

maintained or otherwise maintains the operations and activities complained of herein, Defendant has been, or will be in the future, willfully infringing upon Plaintiff's Mark.

Defendant's actions as complained of herein have caused, and continue to cause, injury and monetary damages to X-Ray CE. As such, X-Ray CE is entitled to recover damages adequate to compensate for Defendant's infringement.

WHEREFORE, Plaintiff X-Ray CE prays for entry of Judgment in its favor and against Defendant as follows:

A. Enter Judgment in favor of Plaintiff X-Ray CE as to all causes of action and demands for damages asserted herein;

B. Award damages to Plaintiff X-Ray CE to be paid by Defendant in the form of all damages, actual or otherwise, including profits, as a result of the infringement and wrongful conduct of Defendant;

D. Find that the infringement was willful and award Plaintiff X-Ray CE treble damages;

E. Preliminarily and permanently enjoin and restrain Defendant, its agents, affiliates, subsidiaries, employees, officers, directors, attorneys and those persons in active concert with or controlled by Defendant from further infringing Plaintiff's Mark;

F. Find that this case is exceptional under 15 U.S.C. 1117(a)(3), and award reasonable attorney's fees to Plaintiff X-Ray CE to be paid by Defendant;

G. Award Plaintiff X-Ray CE pre- and post-judgment interest on all such damages; and

H. Award costs and such other relief to the benefit of Plaintiff X-Ray CE as the Court may deem just and proper.

Date: May 20, 2016                                  Respectfully submitted,

    /s/   Jason Mueller
Jason Mueller
 Texas Bar No. 24047571
 jmueller@lockelord.com
Darrian L. Campbell
 Texas Bar No. 24087250
 dcampbell@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

**ATTORNEYS FOR PLAINTIFF ROBERT VANDLING as S-CORP (d/b/a X-RAY CE).**